UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------

ANGEL CORDERO,

                       Movant,

      -against-

UNITED STATES OF AMERICA

                     Respondent.

------

MEMORANDUM OPINION
AND ORDER

14 Civ. 854 (SAS)
01 Cr. 74 (SAS)

SHIRA A. SCHEINDLIN, United States District Judge:

      Movant, currently incarcerated at the United States Penitentiary, Federal Correctional Complex, in Coleman, Florida, brings this *pro se* motion under Federal Rule of Civil Procedure 60(b), seeking relief from a final judgment entered in *United States v. Cordero*, No. 01 Cr. 074 (S.D.N.Y. Aug. 2, 2004), *aff'd*, *United States v. Martinez*, 311 Fed. App'x 378 (2d Cir. 2008). This is Movant's second such 60(b) motion. Because the proper jurisdictional basis for the relief Movant seeks is 28 U.S.C. § 2255, the Court advises Movant that his submission will be construed as a second or successive § 2255 motion and grants him the opportunity to amend or withdraw the motion within sixty days.

      Movant brings this application seeking to invalidate his conviction and sentence, the legality of which he has previously challenged by filing a § 2255

motion.[1] While a Rule 60(b) motion is a proper basis for challenging the denial of a previous § 2255 motion, "relief under Rule 60(b) is available . . . only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction."[2] Here, Movant challenges his criminal conviction on the basis of ineffective assistance of counsel, arguing that a disciplinary proceeding against his appellate counsel constitutes newly discovered evidence. Movant previously filed a Rule 60(b) motion raising the same claims included in the present motion and seeking to reopen his § 2255 proceedings. This motion therefore seeks to relitigate the issue of whether Movant was provided with effective assistance of counsel during his criminal proceedings, and his reliance on Rule 60(b) of the Federal Rules of Civil Procedure is misplaced. He may not circumvent the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") by seeking to invalidate his conviction under Rule 60(b).

When a Rule 60(b) motion attacks the integrity of the underlying conviction, rather than the integrity of the § 2255 proceeding, a district court has two options: "(i) the court may treat the Rule 60(b) motion as a 'second or successive' habeas petition . . . or (ii) the court may simply deny the portion of the

---

1   *See Cordero v. United States,* No. 09 Civ. 4388, 2010 WL 4507771 (S.D.N.Y. Nov. 8, 2010).

2   *Harris v. United States,* 367 F.3d 74, 77 (2d Cir. 2004).

motion attacking the underlying conviction as 'beyond the scope of Rule 60(b).'"[3] Because Movant specifically stated that his first 60(b) motion was not to be treated as a § 2255 motion and that it would be "a colossal waste of judicial resources" to compel him to raise his arguments before the Second Circuit, the Court treated the motion exclusively as a 60(b) motion.[4]

The instant motion, in which Movant clearly intends to challenge his underlying conviction, is properly characterized as a § 2255 motion.[5] Because Movant's previous § 2255 motion was decided on the merits, this submission is subject to the prohibition against the filing of second or successive § 2255 motions without the permission of the Court of Appeals.[6]

Normally, the Court would liberally construe this motion as a § 2255 motion and transfer it to the United States Court of Appeals for the Second Circuit.[7] In light of the adverse effects potentially imposed by AEDPA, however,

---

3    *Id.* at 82 (quoting *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002)).

4    *See Cordero v. United States*, No. 09 Civ. 4388, 2012 WL 5431005, at *5 (S.D.N.Y. Nov. 5, 2012).

5    *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (holding that § 2255 is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence).

6    *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h).

7    *See Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996).

the Second Circuit has cautioned the district courts against converting mislabeled submissions to § 2255 motions without first providing the movant with notice:

> district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.[8]

While the Second Circuit has explicitly addressed the conversion of a *first* § 2255 motion, the Second Circuit has also stated, in the context of mislabeled Rule 60(b) motions, that district courts should provide notice and an opportunity to withdraw even where the movant's initial collateral attack has previously been denied on the merits.[9] Accordingly, Movant is hereby provided with the opportunity to withdraw

---

[8] *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998). *Accord Castro v. United States*, 540 U.S. 375, 383 (2003) (holding that a district court must warn a *pro se* litigant that subsequent § 2255 motions will be subject to the restrictions on "second or successive" motions and provide the litigant an opportunity to withdraw or amend).

[9] *See Gitten*, 311 F.3d at 534 ("The district courts must be careful not to recharacterize a portion of the 60(b) motion as a second or successive collateral attack and transfer it to this Court until the prisoner has been informed of the district court's intent to transfer and afforded a sufficient opportunity to avoid the transfer by withdrawing . . . .").

this motion. If he does not avail himself of this opportunity, this Court is required to transfer the motion to the Court of Appeals.

## CONCLUSION

This instant motion must be construed as a motion pursuant to 28 U.S.C. § 2255. If Movant does not wish to pursue relief under § 2255, he may notify the Court in writing within thirty days that he is withdrawing his motion. If no such notice is received, the Court will construe this motion as a § 2255 motion and transfer it to the United States Court of Appeals for the Second Circuit. No answer is required at this time.

As Movant has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.[10]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.[11]

SO ORDERED:

SHIRA A. SCHEINDLIN
United States District Judge

Dated: New York, New York
March 6, 2014

---

10  *See* 28 U.S.C. § 2253(c).

11  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

5

## - Appearances -

**Petitioner (Pro Se):**

Angel Cordero
# 45200-054
United States Penitentiary
Federal Correctional Complex
P.O. Box 1034
Coleman, FL 33521

.